IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cr-10062-STA-2 |
| ) | |
| MICHAEL WAYNE BAILEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE PRIOR ACTS EVIDENCE AT TRIAL**

Before the Court is the United States of America's Notice of Intent to Introduce Prior Acts Evidence at Trial (ECF No. 267) and Defendant Michael Wayne Bailey's objections to the admissibility of the evidence (ECF No. 271). Based on the submissions of the parties, the Court hereby makes a preliminary ruling that the "other acts" evidence is admissible but only in part.

## BACKGROUND

On July 1, 2022, a federal grand jury sitting in the Western District of Tennessee returned an indictment charging Defendant and four others with conspiring to possess with the intent to distribute 50 grams or more of actual methamphetamine (Count 1) and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (Count 2), all in violation of 21 U.S.C. § 846. Defendant is set for trial to begin September 3, 2024.

In its Notice of Intent to Introduce Other Acts Evidence at Trial, the government has disclosed its plan to seek the admission of a series of correctional infractions against Defendant: seven involving the illegal possession of a cell phone in a Tennessee Department of Correction facility, two for the illegal possession of a controlled substance (marijuana) in a TDOC facility,

and one for failing a drug screen while incarcerated in which Defendant had marijuana and methamphetamine in his system. The government submitted a memorandum of law with its filing in which it argues that proof regarding the infractions is admissible at trial. First, the government asserts that the proof will show Defendant used a cell phone to communicate with his co-conspirators during the course of the alleged drug conspiracy. The government anticipates that Defendant may argue that he could not have been part of the conspiracy because he was incarcerated during the time of the conspiracy. The United States contends that proof of Defendant possessing a cell phone at various times during his period of incarceration and coinciding with the dates of the alleged conspiracy (September 2020 to July 2022) is actually intrinsic to the charges against Defendant.

The government concedes that at least one of the disciplinary infractions involving the possession of a cell phone occurred prior to the date on which the conspiracy allegedly commenced. The government nevertheless argues that the infraction is relevant evidence because it is res gestae or preparatory to the conduct charged. To the extent the Court finds that the evidence is extrinsic to Defendant's charged conduct, the proof is admissible Rule 404(b) "other acts" evidence to establish identity and opportunity. Finally, with respect to the infractions involving illegal narcotics, the government argues that the proof is admissible to show an "intent to partake in the drug trade" and possibly to prove lack of mistake. For each of these reasons, the proof of Defendant's disciplinary infractions while in TDOC custody is relevant and its probative value is not substantially outweighed by any unfair prejudice.

Defendant sees matters differently. Concerning the discipline for possessing a cell phone, Defendant argues that the government has not laid a foundation to show how the infractions are probative, intrinsic evidence of the alleged drug conspiracies. The government's disclosure does

not indicate whether Defendant actually used any of the phones, much less that he did so to facilitate or engage in drug trafficking. In Defendant's view, the proof is extrinsic at best. And yet the government has not shown why the proof qualifies as admissible Rule 404(b) material for any of the permissible reasons listed in the Rule. For example, there is no indication to show why the infractions prove Defendant's intent, motive, plan, or opportunity to engage in drug trafficking. And all of the infractions fail under Rule 403 balancing test. Therefore, Defendant argues that the Court should exclude proof of his TDOC disciplinary infractions.

## ANALYSIS

The issue presented is whether the United States can introduce "other acts" evidence at trial concerning Defendant's prior history of disciplinary infractions during his incarceration at TDOC facilities. Rule 404(b)(1) makes "[e]vidence of any other crime, wrong, or act" inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Courts generally refer to this kind of proof as "other acts" evidence or "extrinsic" evidence. *Huddleston v. United States*, 485 U.S. 681, 685–86, 108 S.Ct. 1496 (1988) ("Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge."). Extrinsic acts "are those that occurred at different times under different circumstances from the offense charged." *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022) (cleaned up).

Rule 404(b)(2) allows the use of the evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) evidence "still needs to be relevant and could be

3

excluded" for the reasons spelled out in Rule 403. *United States v. Johnson*, 24 F.4th 590, 605 (6th Cir. 2022). Before the government can introduce evidence of this sort in a criminal case, the prosecution must give written notice of its intent to use the evidence, disclose the permitted purpose of the proof, and explain the reasons the evidence satisfies the permitted purpose. Fed. R. Evid. 404(b)(3).

By contrast, "[i]ntrinsic acts are those that are a part of the criminal activity." *Sadler*, 24 F.4th at 554. As a general proposition, the Sixth Circuit has held that intrinsic evidence is not "other acts" evidence subject to Rule 404(b)'s disclosure requirements. *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) ("Where the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with evidence of, the crime charged, Rule 404(b) is not applicable."). For example, evidence of drug sales is intrinsic evidence of a defendant's participation in a drug conspiracy when the proof "tends to logically prove an element of the crime charged." *United States v. Peete*, 781 F. App'x 427, 434 (6th Cir. 2019) (describing evidence as intrinsic if it "tends to logically prove an element of the crime charged" (quoting *United States v. Till*, 434 F.3d 880, 883 (6th Cir. 2006)). "A § 846 conviction . . . requires proof of two elements beyond a reasonable doubt: (1) two or more individuals have agreed to violate a drug law and (2) [the accused] knowingly and voluntarily entered into this agreement." *United States v. Mosley*, 53 F.4th 947, 956 (6th Cir. 2022). So in a case like Defendant's involving charges under § 846, intrinsic evidence is any proof with "bearing on whether [the defendant] agreed, knowingly joined, and participated in the conspiracy." *Sadler*, 24 F.4th at 555.

Based on the government's characterization of the evidence, the Court holds that some of the evidence involving Defendant's possession of a cell phone appears to be intrinsic to the drug conspiracy itself. The parties' briefing suggests the prosecution intends to introduce recorded calls

between Defendant and others related to the alleged conspiracy. Although the government has not disclosed the contents of the calls, proof that Defendant possessed a cell phone in prison on the dates and at the time of the calls appears to be intrinsic evidence, going to whether Defendant agreed with others to violate the drug laws and the manner in which he used cell phones to participate in the conspiracy. The Court makes a preliminary finding then that proof of Defendant's disciplinary infractions for possessing a cell phone will be admissible intrinsic evidence at trial.

Of course, the government will need to lay a proper foundation for the introduction of each call as well as foundation to show the relevance of any disciplinary infraction related to Defendant's possession of a cell phone. Fed. R. Evid. 402 (providing that "relevant evidence is admissible"); *Huddleston*, 485 U.S. at 682 ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.") (quoting Fed. R. Evid. 401, Advisory Comm.'s Notes).[1] The evidence of Defendant's disciplinary infraction is intrinsic to his crime only to the extent the prosecution can connect a specific call or calls to the phone possessed by Defendant at the time of the infraction. The proof will also need to show that the contents of the call or calls related to or furthered the alleged conspiracy to possess with the intent to distribute meth and fentanyl. Then, assuming proper foundation and the relevance of the intrinsic acts, Rule 403 balancing is still required to decide whether the risk of unfair prejudice or jury confusion substantially outweighs the probative value of the acts. Fed. R. Evid. 403. Nothing in the government's presentation suggests that the intrinsic acts evidence it intends to introduce is unfairly prejudicial or some other basis for

---

[1] *Huddleston* addressed the issue of "whether the district court must itself make a preliminary finding that the Government has proved the 'other act' by a preponderance of the evidence before it submits the evidence to the jury." *Huddleston*, 485 U.S. at 682. The Supreme Court held that a preliminary finding was not required.

exclusion under Rule 403 might exist.  Subject to the government laying a proper foundation and connecting Defendant's possession of a specific phone to specific calls proving the existence of the conspiracy, the Court finds that Defendant's disciplinary infractions for possessing a cell phone in a correctional facility will be intrinsic to his participation in the conspiracy with others outside the facility.

At the same time, the Court does not find that the disciplinary infraction for possessing a cell phone in 2017 is relevant, much less intrinsic to the alleged drug conspiracy.  Defendant was found in possession of a cell phone on February 9, 2017, at the Northeast Correctional Complex (ECF No. 267-1, Page ID 820-21).  That infraction falls outside of the temporal scope of the alleged drug conspiracy.  The indictment alleges that Defendant and his co-Defendants conspired between "September 2020 and July 12, 2022" to possess with the intent to distribute actual methamphetamine and a mixture and substance containing fentanyl.  There is no basis to find that proof of the infraction would go to one of the elements of the § 846 drug conspiracy charges.  By contrast, the other disciplinaries disclosed by the government happened during the course of the alleged conspiracy and at different correctional facilities (West Tennessee State Penitentiary and the Morgan County Correctional Complex) than the 2017 infraction.  And nothing in the government's disclosure suggests that the 2017 infraction would be admissible for any of the permitted purposes under Rule 404(b).  Therefore, the Court makes a preliminary finding that the 2017 infraction is not admissible as intrinsic evidence or as extrinsic evidence under Rule 404(b).

This just leaves the proof related to Defendant's three prior disciplinary infractions related to controlled substances.  None of these infractions appear to be intrinsic to the drug conspiracies charges.  Only one of the infractions coincided with the alleged drug conspiracy, an offense that TDOC staff reported on March 16, 2021.  A prison guard discovered two grams of a leafy

substance in Defendant's cell at West Tennessee State Penitentiary. According to the TDOC report (ECF No. 267-2, Page ID 823), the substance tested positive as marijuana. As the Court has already noted, Defendant is charged with conspiring to possess with the intent to distribute much larger quantities of two other drugs (50 or more grams of meth and 40 or more grams of fentanyl). Nothing from the facts in the record shows why this infraction is intrinsic to the alleged drug conspiracy. And the government has not offered any reasons to find that the infraction is admissible as extrinsic, "other acts" evidence under Rule 404(b). Even if it had, the fact that the infraction involved a different drug than the drugs charged in the indictment creates a risk of confusing the issues or even misleading the jury. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury . . . .").

The two remaining disciplinary infractions involving drugs make an even less compelling case for admissibility. Both occurred outside of the timeline of the alleged drug conspiracy. TDOC staff cited Defendant for a failed drug screen on October 18, 2019, when Defendant tested positive for the presence of marijuana and methamphetamine (ECF No. 267-2, Page ID 824-26). And on January 20, 2016, TDOC staff charged Defendant with drug possession when a guard found Defendant with a plastic bag in his mouth containing 1 gram of marijuana (ECF No. 267-2, Page ID 827-29). Both events either involved a different drug (marijuana) than the drugs charged in the indictment (meth and fentanyl) or Defendant's personal use of a drug. The written report about the disciplinary infraction for possessing marijuana does not contain enough facts to show whether Defendant was engaged in distribution or just personal use of the drugs. Proof of Defendant's other conduct then does not appear to be intrinsic to the drug conspiracy charges against him in this case.

Moreover, the government has not shown why the charges are admissible as Rule 404(b) "other acts" evidence. Although the government posits the proof goes to intent, the government describes it as an "intent to partake in the drug trade." But the proof of the infractions just shows that Defendant had used drugs himself and possessed a small quantity of drugs he attempted to conceal in his mouth. There is little or no reason to infer from the written disciplinary reports that Defendant had the "intent to partake in the drug trade." The proof is little more than evidence "that on a particular occasion the person acted in accordance with the character or trait" of using drugs, the type of propensity evidence Rule 404(a) expressly prohibits. Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

## CONCLUSION

The Court makes a preliminary holding that the government can introduce evidence of Defendant's disciplinary infractions for cell phone possession between September 2020 and July 2022 as intrinsic evidence of Defendant's participation in a drug trafficking conspiracy.

The other disciplinary infractions, the cell phone infraction from 2017 and Defendant's infractions for drug possession and a failed drug screen, are not admissible as intrinsic evidence or as Rule 404(b) "other acts" to prove the existence of the alleged drug conspiracy.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 29, 2024.